UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| 301, 712, 2103 AND 3151 LLC; 12 TWENTY-SECOND AND 1827 LASALLE LLC; 137 EAST SEVENTEENTH STREET LLC; 1522 LASALLE AVENUE LLC; 1728 SECOND AVENUE AND 1801 THIRD AVENUE LLC; 1806 AND 1810 THIRD AVENUE LLC; 1816, 1820 AND 1830 STEVENS AVENUE LLC; 1817 SECOND AVENUE LLC; 1900 AND 1906 CLINTON AVENUE LLC; 1924 STEVENS AVENUE LLC; 2020 NICOLLET AVENUE LLC; 2101 THIRD AVENUE LLC; 2323 AND 2401 CLINTON AVENUE LLC; 2417, 2423 AND 2439 BLAISDELL AVENUE LLC; 2427 BLAISDELL AND 2432 FIRST AVENUE LLC; 25 TWENTY-FIFTH STREET LLC; 2535 CLINTON AVENUE LLC; 2545 BLAISDELL AVENUE LLC; 2609 HENNEPIN AVENUE LLC; 2633 PLEASANT AVENUE LLC; 2720 PILLSBURY AVENUE LLC; 2738 AND 2750 PILLSBURY AVENUE LLC; 2809 PLEASANT AVENUE LLC; 600 FRANKLIN AVENUE LLC; AMY SMITH; BLAISDELL 3322, LLC; BLOOMINGTON 4035, LLC; BRYANT AVENUE PROPERTIES LLC; COLFAX APARTMENTS LLC; COLFAX VILLAS I, LLC; DUPONT PROPERTIES LLC; FLETCHER PROPERTIES, INC.; FRANKLIN VILLA PARTNERSHIP, L.L.P.; FREMONT APARTMENTS, LLC; FREMONT TERRACE | Case No. 0:20-cv-01904 (PAM/BRT)<br><br>**MEMORANDUM OF LAW IN SUPPORT OF UNOPPOSED MOTION FOR A STAY PENDING APPEAL** |

APARTMENTS, L.L.C.; GARFIELD
COURT PARTNERSHIP, L.L.P.;
GASPARRE NEW BOSTON SQUARE,
LLC; GATEWAY REAL ESTATE,
L.L.C.; JEC PROPERTIES, LLC;
LAGOON APARTMENTS, LLC; LL
LLC; NORTHERN GOPHER
ENTERPRISES, INC.; PATRICIA L.
FLETCHER, INC.; and RAY
PETERSON,

     Plaintiffs,

v.

CITY OF MINNEAPOLIS,

     Defendant.

## I.   INTRODUCTION

Plaintiffs respectfully move, without opposition from Defendant, to stay this action pending the outcome on appeal of this Court's denial of Plaintiffs' Motion for a Preliminary Injunction. *See* Dkt. Nos. 72-73, 75. A stay of proceedings in this Court is appropriate here where the appeal may resolve substantial legal issues pertaining to this action and because there is no hardship to either Plaintiffs or Defendant, as Defendant does not oppose this Motion. Moreover, the parties will agree to an efficient discovery schedule to avoid any delay once the Eighth Circuit has considered and resolved the issues on appeal. For these reasons, Plaintiffs request an Order staying proceedings in this Court pending resolution on appeal.

## II. LEGAL ARGUMENT

### A. Standard for a Stay Pending Appeal

The Court has broad discretion to order a stay of proceedings pending resolution on appeal. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Sierra Club v. U.S. Army Corp of Engineers*, 446 F.3d 808, 816 (8th Cir. 2006) ("[a] district court has broad discretion to stay proceedings when appropriate to control its docket"). Although generally filing a notice of appeal divests the district court of jurisdiction, "where, as here, the appeal is from an interlocutory order denying a motion for a preliminary injunction, the foregoing rule does not obtain, and the filing of the notice of appeal from such an order does not ipso facto divest the district court of jurisdiction to proceed with the cause." *Janousek v. Doyle*, 313 F.2d 916, 920 (8th Cir. 1963). Therefore, a stay of proceedings pending appeal is not automatic following the denial of a motion for a preliminary injunction. *See id.*

Courts consider several factors in determining whether a stay pending appeal is warranted, including "the conservation of judicial resources and the parties' resources, maintaining control of the court's docket, providing for the just determination of cases, and hardship or inequity to the party opposing the stay."

*Frable v. Synchrony Bank*, 215 F. Supp. 3d 818, 821 (D. Minn. 2016) (citing *Edens v. Volkswagen Grp. of Am., Inc.*, No. 16-cv-0750 (WMW/LIB), 2016 WL 3004629, at *1-2 (D. Minn. May 24, 2016)).

In *Minnesota Voters Alliance v. Walz*, plaintiffs challenged requirements that Minnesotans wear face coverings indoor to slow the spread of Covid-19. No. 20-cv-1688 (PJS/ECW), 2020 WL 6042398, at *1 (D. Minn. Oct. 13, 2020). Plaintiffs filed a motion for a preliminary injunction, which was denied by this Court. Plaintiffs then moved for a stay pending appeal of the denial of the preliminary injunction. This Court ordered a stay, finding "that a temporary stay is warranted, as the appeal is likely to resolve some of the legal issues in dispute, and a stay will not impose any hardship on defendants." *Id.*; *see also Henin v. Railroad*, No. 19-336 (PAM/BRT), 2019 WL 3759804, at *2 (D. Minn. Aug. 9, 2019) (granting a stay because it "allows this Court to avoid making an inconsistent ruling with the Eighth Circuit and will clarify what issues, if any, remain for resolution after the Eighth Circuit's decision").

This Court similarly granted a stay pending an appeal in an action involving the Telephone Consumer Protection Act. *Christianson v. Ocwen Loan Servicing, LLC*, No. 17-1525 (DWF/TNL), 2017 WL 5665211, at *2 (D. Minn. Nov. 20, 2017). This Court concluded that a stay was warranted (1) because it would be limited in duration until the appeal was completed, (2) because "a stay in this case will prevent

the parties from incurring unnecessary fees and expenses," and (3) because the appellate court's "decision will clarify and perhaps streamline, the legal issues presented in this case and, in turn, will focus discovery." *Id.* The expected duration of the stay and the expectation that the appeal would narrow or focus the issues for discovery are therefore also relevant factors for the Court to consider in determining whether a stay pending appeal is appropriate.

B. **Plaintiffs Are Entitled to a Stay Pending Appeal**

A stay pending appeal is appropriate here where the Eighth Circuit may resolve substantial legal issues that will affect the outcome of this action. Further, the parties are sensitive to the Court's concerns regarding the timing for discovery and any delay associated with a stay, and would accordingly agree to an efficient discovery schedule once proceedings in this Court resume. Furthermore, a stay would be in the best interests of preserving judicial resources and would avoid the parties expending unnecessary resources. *See Frable*, 215 F. Supp. 3d at 821.

1. **A Stay Will Allow the Eighth Circuit to Resolve Substantial Legal Issues on Appeal**

A stay is warranted here to streamline the analysis and consequently focus discovery where the Eighth Circuit will consider and may determine key legal issues that may affect the proceedings in this Court.

First, the Eighth Circuit will likely assess the applicable legal standard for Plaintiffs' takings claim. Plaintiffs contend that the Ordinance is an unconstitutional

5

per se taking because it amounts to a physical invasion of property by compelling Plaintiffs to rent to applicants they would otherwise reject, thereby interfering with the fundamental property right to exclude. *See Lingle v. Chevron U.S.A., Inc.*, 544 U.S. 528, 536 (2005) (determining that permanent physical invasion of property by the government is a per se taking regardless of the size or scale of invasion); *see also Kaiser Aetna v. U.S.*, 444 U.S. 164, 176 (1979) (describing the right to exclude as "one of the most essential sticks in the bundle of rights that are commonly characterized as property"). In evaluating the likelihood of success on the merits, this Court distinguished *Kaiser Aetna* in concluding that the Ordinance here does not amount to a per se taking. The Court also addressed Plaintiffs' argument regarding the extent to which the Ordinance's economic effect and interference with property rights amounts to a taking under the *Penn Central* framework. *See Penn Cent. Trans. Co. v. New York City*, 438 U.S. 104 (1978). The Court rejected this analysis, too, finding that Plaintiffs failed to submit sufficient support for the economic harm of the Ordinance. This presents key issues for the Eighth Circuit to consider, namely (1) whether Plaintiffs' takings claim is properly assessed as a per se taking or under the *Penn Central* analysis; (2) does interference with the substantial property right to exclude others amount to a physical invasion for purposes of the per se analysis; and (3) what type of proof is necessary to

6

demonstrate economic harm and investment-backed expectations for purposes of the *Penn Central* analysis.

Second, the Eighth Circuit will consider Plaintiffs' substantive due process claim. Critically, this analysis may determine whether strict scrutiny or rational basis is appropriate to review the Ordinance. Plaintiffs asserted that strict scrutiny is proper because the Ordinance impermissibly impedes on the fundamental right of an owner to exclude others from her real property. *See Lingle*, 544 U.S. at 540-41. The Ordinance, Plaintiffs argued, does not survive strict scrutiny, which is a demanding standard for review. *See Brekke v. City of Blackduck*, 984 F. Supp. 1209, 1235 (D. Minn. 1997) ("[T]he Government is forbidden from infringing upon certain 'fundamental' liberty property interests to any degree – no matter what process is provided – unless the infringement is narrowly tailored to serve a compelling governmental interest."). Plaintiffs also explained alternatively that the Ordinance would not survive rational basis review because of incomplete or unsubstantiated rationales for the Ordinance provided by Defendant. *See State v. Behl*, 564 N.W.2d 560, 567 (Minn. 1997) (stating that an ordinance only passes constitutional muster if it is "a reasonable means to a permissive object"). This Court determined that strict scrutiny review was improper and found that the Ordinance was likely to survive rational basis review in deciding Plaintiffs' Motion for a Preliminary Injunction. Accordingly, the Eighth Circuit will review and assess (1) whether the

Ordinance should be reviewed under strict scrutiny or rational basis for purposes of the substantive due process claim; (2) whether the Ordinance would survive strict scrutiny assuming this is the proper standard for review; and (3) alternatively, whether the Ordinance would survive rational basis review at this stage. Although this consideration by the Eighth Circuit will be in the context of the likelihood of success on the merits, it nonetheless will likely clarify the scope of issues and provide guidance that will help direct discovery and other future proceedings in this Court.

### 2. A Stay Will Avoid Unnecessary Expenditure of Time and Expense by the Parties

To move forward with proceedings in this Court instead of allowing the Eighth Circuit to provide guidance on the relevant legal frameworks and to clarify the applicable issues would waste judicial resources and the parties' resources and duplicate effort. *See Pavek v. Simon*, No. 19-cv-3000 (SRN/DTS), 2020 WL 4013982, at *3 (D. Minn. July 16, 2020) ("A stay will allow the Court to avoid what it considers to be a significant potential for duplicative efforts and wasted party resources, all while preserving the ability of the Court to resolve the case in the future."). The Eighth Circuit's decision may narrow the disputed issues and clarify the legal frameworks that would change the focus of discovery in this Court. To expend resources conducting discovery and possible motion practice on issues that may become moot would duplicate effort and waste resources. *See Edens*, 2016 WL

3004629, at *2 ("Just as the Court's resources would needlessly be expended absent a stay, the parties' resources also would."). Therefore, a stay is appropriate here to allow the Eighth Circuit to create controlling law that may shape future proceedings in this action and that may clarify the disputed issues involving Plaintiffs' claims.

3. **There is No Hardship to Any Party, and No Party Opposes a Stay**

Defendant's counsel has authorized Plaintiffs to inform this Court that Defendant does not oppose this Motion seeking a stay of proceedings pending appeal and that Defendant is not claiming that it will be prejudiced or that it will experience any hardship if this Court stays proceedings pending appeal. This is particularly true where the case is in a relatively early stage of litigation as discovery has not commenced yet. *See Henin*, 2019 WL 3759804, at *2 (finding that a stay would not prejudice party where the case was in its early stages). Because a stay would impose no hardship on either party and no party is opposing this Motion, this factor weighs heavily in favor of a stay pending appeal.

4. **The Parties Will Agree to an Efficient Discovery Schedule to Avoid Delays After Appeal**

The parties have already submitted a proposed discovery plan in the Rule 26(f) Report, which would ensure all discovery is completed by March 31, 2022 if a stay is not granted. Dkt. No. 74. Even if the Eighth Circuit took one year to resolve the issues on appeal, the proposed discovery plan would ensure that this action could be completed within three years, as desired by the Court. *See Henin*, 2019 WL

3750904, at *2 (explaining that if the case continues after the stay is lifted, "a scheduling order can be promptly entered to ensure a just, speedy, and inexpensive determination of this action"). Plaintiffs would agree to a discovery schedule that would allow the Court to swiftly determine this action following the stay. Moreover, Plaintiffs contend that the clarity from the Eighth Circuit on appeal, including potentially narrowing the issues or creating controlling case law for legal analyses, would make discovery more efficient following the appeal.

5. **The Duration of the Appeal Weighs in Favor of a Stay**

The expected short duration of a stay for the Eighth Circuit appeal further warrants a stay of proceedings in this Court. The Eighth Circuit has already set a briefing schedule with Plaintiffs' opening brief due next month. The parties have also already ordered the transcript from the District Court on an expedited basis. *See* Dkt. No. 78. The parties are moving forward quickly with the appeal to avoid any delay. This will likely result in a relatively short duration for the appeal, which favors a stay of proceedings in this Court in the interim. *See Christianson*, 2017 WL 5665211, at *2 (granting stay, in part, because "the stay will be limited in duration"); *Busch v. Bluestem Brands, Inc.*, 2017 WL 5054391, at *4 (D. Minn. Feb. 22, 2017) (granting stay, in part, because "the stay will be relatively short in duration"). It is expected here too that the stay would be limited in duration until resolution by the Eighth Circuit.

*\*\**

Plaintiffs are therefore entitled to a stay pending appeal because they have shown that the Eighth Circuit may clarify legal issues on appeal, no party opposes the Motion for a stay, and neither party claims any prejudice or hardship will be caused by a stay. *See Minnesota Voters Alliance*, 2020 WL 6042398, at *1; *see also Busch*, 2017 WL 5054391, at *4 (granting a staying because it "will conserve the resources of both parties and the Court" and "the risk of undue prejudice in the event of a stay is not apparent"). A stay pending appeal of limited duration here would be in the best interests of both parties and the Court.

### III. **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request this Court grant their Motion and order a stay of proceedings pending appeal and final determination by the Eighth Circuit.

COZEN O'CONNOR

*/s/ Mark Jacobson*
Mark Jacobson (#0188943)
E-mail: mjacobson@cozen.com
Steven Katkov (#0202769)
E-mail: skatkov@cozen.com
Cassandra M. Jacobsen (#0400120)
E-mail: cjacobsen@cozen.com
33 South Sixth Street, Suite 3800
Minneapolis, MN 55402
Telephone: 612.260.9000

Robert Hayes (PA #33099)
(admitted *pro hac vice*)
E-mail: rhayes@cozen.com
Calli Padilla (PA #312102)
(admitted *pro hac vice*)
E-mail: cpadilla@cozen.com
1650 Market Street, Suite 2800
Philadelphia, PA 19103
Telephone: 215-665-2000

*Attorneys for Plaintiffs*

Dated: December 8, 2020