**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| 301, 712, 2103 and 3151 LLC, et al., | Civ. No. 20-1904 (PAM/BRT) |
| Plaintiffs, | |
| v. | |
| City of Minneapolis, | **PRETRIAL SCHEDULING ORDER** |
| Defendant. | |

---

As background, the Complaint was filed on September 4, 2020. (Doc. No. 1.) An answer to the Complaint was filed on October 21, 2020. (Doc. No. 69.) Plaintiffs' Motion for a Preliminary Injunction was denied on November 6, 2020. (Doc. No. 72.) An interlocutory appeal was filed in the Eighth Circuit and a stay was entered. (Doc. No. 83.) The Eighth Circuit affirmed the judgment of the District Court on March 14, 2022. (Doc. No. 89.) The formal mandate issued on May 17, 2022 in accordance with the opinion and judgment. (Doc. No. 91.) Since the stay lifted upon resolution of the appeal, the Court issued an Order for Pretrial Conference on May 19, 2022. (Doc. No. 92.)

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Local Rules of this Court, and in order to secure the just, speedy, and inexpensive determination of this action, the following schedule will govern these proceedings unless modified by this Court's order. This Pretrial Scheduling Order has been tailored to the needs of the case with the input of the parties. The parties and their counsel must diligently work to meet all the deadlines and obligations set forth in the Order.

**STIPULATED PROPOSALS TO AMEND THE SCHEDULING ORDER**

If the parties agree on proposals to amend this Pretrial Scheduling Order, a formal motion is not necessary unless the provision on "Modification of a Scheduling Order" below applies. Any stipulation to support a proposed amendment must show good cause and explain how the requirements of Local Rule 16.3 are satisfied. Agreement between the parties is not sufficient. Stipulated proposals must be filed, and the parties must submit a proposed order in Word format to chambers at thorson_chambers@mnd.uscourts.gov.

**MODIFICATION OF A SCHEDULING ORDER—CIRCUMSTANCES WHERE MOTION IS REQUIRED**

If any portion of a proposed amended scheduling order seeks to resurrect an expired deadline, or is opposed, a motion to modify the Pretrial Scheduling Order must be made in accordance with Local Rule 16.3.

**GOOD CAUSE FOR A 45 DAY STAY**

The parties jointly proposed that early settlement is possible and request that discovery be stayed while the parties explore settlement. The Court finds good cause to support a 45-day stay, until **August 4, 2022**. The parties must submit a status report no later than **July 18, 2022**. A Zoom status conference will be held on **July 25, 2022**, at 8:30 a.m. Chambers will provide Zoom instructions. Topic to be covered at the status conference include: (1) status of settlement discussions; (2) electronic discovery; and (3) amendments to the pretrial scheduling order, including the sequencing of expert reports.

**PRESERVATION OF DOCUMENTS AND ELECTRONIC DISCOVERY**

The parties have discussed any issues about preserving discoverable information. The parties have also discussed the scope of discovery, including relevance and proportionality. The parties agree on the following:

> The parties do not anticipate the scope of electronic discovery to be very voluminous. The parties have sent their clients an appropriate litigation hold memorandum. The parties further agree that after discovery commences, they will exchange electronic discovery by means of exchanging and negotiating agreed-upon custodian lists and search term lists to effectuate the searching and production of relevant, non-privileged electronic discovery.  The parties further agree to work together in good faith to resolve any ESI issues cooperatively as they appear throughout the course of discovery.

The parties do not foresee that electronic discovery will be a significant issue in this case and have represented they will work together to resolve any disputes. The parties are advised that an e-Discovery Guide is available on the Court's website http://www.mnd.uscourts.gov.[1]

---

[1]     If a formal plan or protocol is appropriate, the parties should: (1) consider whether their plan should be submitted to the Court as a proposed order; (2) serve early document requests pursuant to Rule 34 to facilitate their discussions about electronic discovery, or, if early document requests are impracticable, serve a list of the types of documents the party will seek in discovery; (3) discuss where discovery sought is stored, including storage on the party's premises, data stored by a party using third-party providers (e.g., the "cloud"), storage on devices used by a party (or its employees, for example) including laptops, smart phones, or other personal devices; (4) discuss whether

(Footnote continued on next page)

*Template date March 2020*

## SUMMARY OF FACTUAL STIPULATIONS OR AGREEMENTS

The parties submitted the following factual stipulations or agreements in their Rule 26(f) Report:

> In September 2019, the Minneapolis City Council enacted Minneapolis Ordinance 244.2030 governing "Applicant screening criteria for prospective tenants." The Ordinance mandates that Owners screen applicants by: (1) applying "inclusive screening criteria" or (2) conducting an "individualized assessment." Before accepting applications for rental housing, owners "must make readily available to all applicants the landlord's rental screening criteria in as much detail as feasible." If an owner applies the "inclusive screening criteria," it may not reject an applicant for certain enumerated reasons, including certain aspects of the applicant's criminal history, credit score, or rental history. If the owner chooses to use any of the prohibited screening criteria, it must conduct an "individualized assessment" for any basis upon which the landlords intends to deny the applicant. The owner must accept and consider all supplemental information provided with the application to explain, justify, or negate the relevance of potentially negative information. An owner who denies an applicant must notify the applicant in writing within fourteen days of the rejection, providing the specific basis for denial and, if the denial comes after performing an individualized assessment, a list of the supplemental evidence considered and an explanation of the reasons why the supplemental evidence, if provided, did not adequately compensate for the factors which caused the rejection. When an owner fails to comply with these requirements, the owner is subject to criminal prosecution, revocation of rental licenses, administrative fines, restrictions, or penalties, and any other remedy at equity or law. The Ordinance became effective June 1, 2020, except for property owners with fifteen dwelling units or less, for which the effective date was December 1, 2020.

---

(Footnote continued from previous page)
email or other electronic communications will be sought and identify what electronic discovery tools or techniques will be applied; and (5) discuss the other topics relating to electronic discovery set forth in the Federal Rules of Civil Procedure. A plan or protocol should be clear on how the plan or protocol will operate during the course of fact discovery to satisfy a party's obligation to respond to a first and subsequent set of document requests.

*Template date March 2020*

## DEADLINES FOR INITIAL DISCLOSURES AND FACT DISCOVERY

1. The parties must make their initial disclosures under Fed. R. Civ. P. 26(a)(1) on or before **August 19, 2022**. If a description by category and location of the documents is offered pursuant to Rule 26(a)(1)(A)(ii), the party must provide a copy of their initial disclosure documents by **August 31, 2022**, to the extent they are in that party's possession and control.

2. The parties must commence fact discovery procedures in time to be completed on or before **February 28, 2023**.[2]

## ADDITIONAL DISCOVERY LIMITATIONS

The following discovery limitations apply:

1. No more than 25 joint interrogatories (between Plaintiffs and Defendant) and 5 individual party interrogatories (between individual Plaintiffs and Defendant).

2. No more than 30 document requests shall be served by each side. Objections to document requests must meet the requirements of amended Rule 34(b)(2)(B). If the responding party is producing copies of documents or copies of electronically stored information and the copies are not produced with the responses, another reasonable time must be specified in the response. If the requesting party disagrees that this is reasonable, the parties must meet and confer to agree on the timetable for production.

3. No more than 30 requests for admissions shall be served by each side.

4. No more than 15 factual depositions, excluding expert witness depositions, shall be taken by each side.

5. The parties have discussed the procedures for noticing and taking Rule 30(b)(6) depositions and agree to the following: The parties agree that a deadline for serving 30(b)(6) notices of deposition shall not be required. The parties will serve 30(b)(6) notices of deposition in accordance with Federal Rule of Civil Procedure 30(b)(6).

---

[2] This Scheduling Order may permit discovery after other deadlines have passed. As just one example, a motion to amend deadline may expire during the discovery period and discovery necessary to meet the deadline must be diligently pursued prior to the expiration of the motion to amend deadline.

5

*Template date March 2020*

**DEADLINES FOR EXPERT DISCOVERY**

Disclosure of the identity of expert witnesses under Fed. R. Civ. P. 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B), and production of the written report prepared and signed by the expert witness, must be made as follows:

1. The Plaintiffs anticipate calling up to 5 experts in the fields of housing/rental markets and criteria, sociology/recidivism, and/or economic damages. The Defendant anticipates calling up to 5 experts in the fields of housing/rental markets and criteria, sociology/recidivism, and/or economic damages. Counsel for the parties must meet and confer to confirm the experts and fields no later than **November 15, 2022**. This early deadline will allow the parties an opportunity to propose an amended schedule on the sequencing of initial expert reports for Plaintiffs and Defendant and corresponding rebuttal reports. The parties must jointly submit an amended schedule for the sequencing of expert disclosures no later than **December 7, 2022** with the understanding that all expert discovery, including expert depositions, must be completed by **June 12, 2023**. The parties must meet and confer to coordinate expert depositions immediately following each disclosure of experts so that all expert depositions can be coordinated and completed on time. The parties must inform their experts about the deadlines for expert disclosures and depositions in this Scheduling Order.

2. Each side may call up to 5 experts. Each party may take 1 deposition per expert.

**NON-DISPOSITIVE MOTION DEADLINES**

1. Motions seeking to join other parties must be filed and served by **October 17, 2022**. The parties must diligently pursue any investigation or discovery using the appropriate discovery tools available to meet this deadline.

2. Motions seeking to amend the pleadings must be filed and served by **October 17, 2022**. The parties must diligently pursue any investigation or discovery using the appropriate discovery tools available to meet this deadline.

6

*Template date March 2020*

3. Other non-dispositive motions.

    a) All non-dispositive motions relating to fact discovery must be filed and served by **March 6, 2023**.

    b) All other non-dispositive motions, including motions relating to expert discovery, must be filed and served by **June 28, 2023**.

    c) The parties must meet and confer to resolve fact and expert discovery disputes when they arise, and if unresolved, bring discovery disputes promptly to the Court's attention.

## **NON-DISPOSITIVE MOTIONS**

If a non-dispositive motion is filed, it must comply with the Electronic Case Filing Procedures for the District of Minnesota, Local Rules 7.1, and for discovery motions, also be in the form prescribed by Local Rule 37.1.

The "Meet and Confer" requirement must include attempts to meet and confer through personal contact, rather than solely through correspondence.

Ideally, if the parties are not able to resolve their dispute following their meet and confer and motion practice is necessary, the parties should jointly contact the Court to obtain a hearing date that works for both sides.

Once the moving party has secured a hearing date, it must promptly serve and file the **notice of hearing** informing all parties of the nature of the motion and the date, time and location of the hearing. The moving party may serve and file the motion and remaining motion papers no later than 14 days before the hearing date, unless a different briefing schedule is set. A party may not call chambers and secure a hearing date or "hold" a hearing date without that party promptly serving and filing a notice of hearing.

7

Counsel may not notice additional motions for hearing on an already existing hearing date without first contacting the Court for permission.

## INFORMAL DISPUTE RESOLUTION (IDR) (NOT INVOLVING THIRD PARTIES)

Prior to initiating any non-dispositive motion, parties should consider whether the matter can be informally resolved without a formal non-dispositive motion. **All parties must agree to participate before the Court will consider IDR. If there is no agreement to resolve a dispute though IDR, then the dispute must be presented to the Court through formal motion practice.**

If the parties agree to pursue the IDR process, they should contact the Magistrate Judge's Chambers by sending a joint (short) email to request IDR. The request must include a joint one or two sentence description of the discovery dispute and a proposed schedule for letter submissions. Upon receipt of the email, if the Court agrees that the dispute should be resolved via IDR, the Court will schedule an IDR hearing date. If the parties wish to proceed with IDR in a manner other than that previewed above, the short joint email must include a specific proposal for the Court to consider.

## DISPOSITIVE MOTIONS

All dispositive motions shall be served and filed on or before **August 1, 2023**. All dispositive motions shall be scheduled, filed, and served in compliance with the Order regarding dispositive motion practices in cases assigned to District Judge Paul A. Magnuson by contacting his Courtroom Deputy at 651-848-1156. Counsel are given

*Template date March 2020*

notice that six to eight weeks advance notice is necessary to place a dispositive motion on the calendar.

Notwithstanding the foregoing, no party shall bring a dispositive motion pursuant to Fed. R. Civ. P. 56 while formal discovery is ongoing without first obtaining permission from the undersigned magistrate judge. Permission shall be sought by electronically filing via ECF a letter of no more than three pages briefly setting forth the basis for the motion, whether discovery relating to the issue or issues to be addressed by the motion is complete, and why judicial efficiency would be served by allowing the motion to proceed at this time. The other party or parties may file brief letters in support of or in response to the request. Denial of a request for permission to file an interim dispositive motion shall not be taken as an indication of the Court's view about the merits of the proposed motion.

**PROTECTIVE ORDER**

A protective order is in place. (Doc. No. 17.)

**FILING DOCUMENTS UNDER SEAL**

If the parties file documents under seal, they must follow the procedures set forth in Local Rule 5.6. This Court notes that the Committee Notes to the Local Rule are instructive. *See* http://www.mnd.uscourts.gov/local_rules/LR-5-6.pdf.

**PRIVILEGE/PROTECTION**

The parties agree to follow the procedure set forth in Fed. R. Civ. P. 26(b)(5)(B) regarding information produced in discovery that is subject to a claim of privilege or protection as trial-preparation material. Pursuant to Fed. R. Evid. 502, the inadvertent

*Template date March 2020*

production of any documents in this proceeding shall not constitute a waiver of any privilege or protection applicable to those documents.

## SETTLEMENT CONFERENCE

The Court will later confirm a date for setting a settlement conference. When confirmed, a separate Order for Settlement Conference will be issued.

## TRIAL

This case will be ready for a **jury** trial on or about **November 1, 2023**.

Date:   June 21, 2022

*s/ Becky R. Thorson*
BECKY R. THORSON
United States Magistrate Judge

**\*\*Magistrate Judge Thorson's Practice Pointers and Preferences are attached to this Pretrial Scheduling Order. Counsel are responsible for reviewing and complying with the Practice Pointers and Preferences.\*\***